STEPHEN S. WALTERS (BAR NO. 54746)
NICHOLAS A. SUBIAS (BAR NO. 228789)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
Three Embarcadero Center, 12th Floor
San Francisco, CA  94111-4074
Phone: (415) 837-1515
Fax:  (415) 837-1516
E-Mail:  swalters@allenmatkins.com
         nsubias@allenmatkins.com

Attorneys for Plaintiff BrowserCam, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

_____ DIVISION

BrowserCam, Inc., a California corporation,

    Plaintiff,

vs.

Gomez, Inc., a Delaware corporation,

    Defendant.

Case No. CV 08 2959

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

**DEMAND FOR JURY TRIAL**

Plaintiff BrowserCam, Inc. ("Plaintiff" or "BrowserCam") claims and alleges, on personal knowledge as to itself and on information and belief as to defendant Gomez, Inc. ("Defendant" or "Gomez"), as follows:

### NATURE OF THE ACTION

1. This action concerns a June 19, 2007, Asset Purchase Agreement ("Agreement") through which plaintiff BrowserCam sold substantially all of its assets to defendant Gomez. BrowserCam contends that Gomez breached its contractual obligations under the Agreement by, among other things, (a) failing to market and support the products and services Gomez acquired from BrowserCam; (b) failing to provide monthly summaries of the bookings for sales of the acquired products and services containing or derived from

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

740972.01/SF

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF

those products; and (c) failing to use reasonably commercial efforts to achieve the maximum amount of bookings for the benefit of BrowserCam. BrowserCam further contends that a justiciable controversy exists as to the meaning and application of certain language in the Agreement. BrowserCam seeks damages and declaratory relief. This Court's jurisdiction is based on diversity of citizenship.

## PARTIES

2. Plaintiff BrowserCam is, and at all relevant times was, a corporation organized and existing under the laws of the State of California, with its principal place of business in San Francisco, California.

3. Defendant Gomez is, and at all relevant times was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Lexington, Massachusetts.

## JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. Section 1332, as this is a civil action between citizens of different states in which the matter in controversy exceeds $75,000, exclusive of interest and costs.

5. Pursuant to 28 U.S.C. Section 1391(a)(2), venue is proper in this judicial district, as a substantial part of the events or omissions giving rise to the claims for relief set forth in this Complaint occurred in the Northern District of California. Such events include, but are not limited to, those surrounding the sale of plaintiff BrowserCam's assets to defendant Gomez.

6. Under Civil Local Rule 3-2(c) and (d), intradistrict assignment to the San Francisco Division is proper because a substantial part of the events or omissions giving rise to the claims for relief set forth in this Complaint occurred in the City and County of San Francisco.

///
///
///

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

740972.01/SF

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF

-2-

## BACKGROUND FACTS

### A. BrowserCam

7. Until June 2007, BrowserCam was a market leader in providing certain on-demand web-based services.[1] BrowserCam's services allowed customers – including web designers, developers and quality assurance engineers – to view websites on different combinations of computer operating systems and web browsers.

8. BrowserCam's services permitted subscribers to see how their web pages appeared when generated across more than 200 different configurations of web user environments. In doing so, the services helped subscribers identify and isolate compatibility issues which otherwise might go undetected by subscribers but be experienced by consumers and others viewing the websites. BrowserCam's services helped to ensure a consistent viewing experience for website visitors, regardless of their operating systems or browsers.

9. In June 2007, BrowserCam sold substantially all of its assets, including its BrowserCam services unit, to defendant Gomez.

### B. Gomez

10. Gomez provides web experience management services, which customers use to test their web applications while in development and to monitor their web applications after deployment for viewing on the web. Customers use such on-demand services to improve the quality of the web experience in order to increase their revenue from web applications, reduce their operating costs, and extend their brand reputations.

11. Among Gomez's products and services is the "ExperienceFirst Platform." That platform provides a comprehensive set of integrated services that enable a customer to measure the web experience from outside its firewall using Gomez's network. The ExperienceFirst Platform contains or was, in part, derived from BrowserCam products and services acquired by Gomez.

---

[1] References to "web" or "web-based" in this Complaint refer to the World Wide Web.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

740972.01/SF

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF
-3-

12. Gomez offers its services on an annual subscription basis, principally through tiered usage plans. From 2005 to 2007, defendant Gomez's annual revenue increased from $14.8 million to $32.6 million.

C. **The Asset Purchase Agreement**

13. On June 19, 2007, plaintiff BrowserCam entered the Agreement with defendant Gomez. Counsel for defendant Gomez drafted the Agreement in its entirety. Through the Agreement, Gomez purchased substantially all of BrowserCam's assets, including BrowserCam's rights and interests in connection with BrowserCam's business.

14. Pursuant to Section 1.5(c) of the Agreement, part of the consideration Gomez agreed to pay BrowserCam for its assets was an "Earn-Out Payment." Specifically, the Agreement reads:

> [O]n or before August 15, 2008 (subject to extension on account of the dispute resolution process referred to in Section 1.5(d)), the Purchaser [Gomez] shall pay cash by wire transfer of immediately available funds (in accordance with wire instructions received by Purchaser not less than five days prior to the date of payment) in an amount, if positive, equal to (i)(A) the Applicable Bookings Amount minus (B) $600,000; multiplied by 1.25 (the "*Earn-Out Payment*").

15. Section 1.5(c) of the Agreement defines the "Applicable Bookings Amount" as,

> the amount of subscription revenue booked by Purchaser [Gomez] (x) in accordance with Seller's [BrowserCam's] existing automated online sign-up procedure and/or Purchaser's accounting practices, in either case for payments due within 30 days under written, fully executed contracts with *bona fide* customers who are not affiliates of Seller (or affiliates of any of Seller's directors, officers or stockholders) having no right of cancellation or refund and having payment terms of not greater than 30 days, (y) for the period from and including July 1, 2007 to and including June 30, 2008 (the "*Applicable Period*") and (z) on account of sales by the Purchaser of products and services containing, or derived from the Seller IP Rights ("*BrowserCam Products and Services*"). The Purchaser [Gomez] agrees to account separately for such bookings.

16. In connection with the Earn-Out Payment, also under Section 1.5(c) of the Agreement, Gomez agreed:

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

740972.01/SF

-4-

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF

> (i) not to make any material reductions in the list price of the BrowserCam Products and Services without Seller's [BrowserCam's] consent, and (ii) to expend not less than $250,000 in the aggregate on (i) marketing the BrowserCam Products and Services and (ii) providing infrastructure (including human resources), marketing and sales support for the BrowserCam Products and Services.

17. Furthermore, under Section 1.5(c) of the Agreement, Gomez agreed to provide BrowserCam with a plan detailing how Gomez would market BrowserCam products and services, as well as to provide BrowserCam with monthly performance summaries. The Agreement states that Gomez,

> shall prepare and deliver to Seller [BrowserCam] within thirty (30) days after Closing a sales and marketing plan (including a pro-forma budget relating to the same) for the Browsercam [sic] Products and Services during the Applicable Period (the "Sales and Marketing Plan"). Additionally, Purchaser shall provide a monthly summary of the Seller's online Management and reporting system single screen shot (which, for the avoidance of doubt, shall be a Purchased Asset) at reasonable intervals during the Applicable Period.

18. Section 1.5(c) of the Agreement also requires Gomez to attempt to achieve the maximum Applicable Bookings Amount for the benefit of BrowserCam. Specifically, Gomez agreed

> to use commercially reasonable efforts to achieve the maximum Applicable Bookings Amount on Seller's [BrowserCam's] behalf: _provided_ that Seller acknowledges that Purchaser [Gomez] makes no guarantee whatsoever as to any Applicable Bookings Amount and that, except as specifically provide above, it will have complete discretion to market and sell the BrowserCam Products and Services as it sees fit.

D. **Gomez Failed To Fulfill Its Obligations Under The Agreement**

19. Plaintiff BrowserCam and defendant Gomez entered the Agreement nearly one year ago, and the Applicable Period under the Agreement is only a few weeks from concluding.

20. To date, although the Agreement requires Gomez to expend no less than $250,000 to market BrowserCam's products and services as well as provide infrastructure for sales support, Gomez still has not done so.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

740972.01/SF

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF

-5-

21. The Agreement required Gomez to provide BrowserCam with a Sales and Marketing plan by July 2007. To date, Gomez still has not done so. Likewise, the Agreement mandated that Gomez provide, at reasonable intervals, BrowserCam with monthly summary during the Applicable Period, which runs from July 1, 2007 to June 30, 2008. To date, despite BrowserCam's numerous requests for such statements, Gomez has not provide even one monthly summary.

22. Pursuant to the Agreement, defendant Gomez agreed to use commercially reasonable efforts to achieve, on BrowserCam's behalf, the maximum Applicable Booking Amount. Gomez has failed to do so. Instead, among other things, Gomez failed to keep BrowserCam products and services current, which diminishes their value and utility to users. Gomez also failed to provide sufficient customer support for the BrowserCam products and services, which further eroded its performance and value.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

23. BrowserCam hereby incorporates by reference the allegations set forth in paragraphs 1 through 22, inclusive.

24. Through the Agreement, plaintiff BrowserCam and defendant Gomez entered into a valid, binding contract.

25. BrowserCam has performed all conditions and obligations to be performed on its part under the Agreement, except to the extent that said obligations and conditions were excused.

26. Defendant Gomez breached the Agreement by, among other things: (a) failing to expend at least $250,000 to market BrowserCam's products and services as well as to provide infrastructure and sales support; (b) failing to provide BrowserCam with a Sales and Marketing Plan; (c) failing to provide BrowserCam with monthly summaries at reasonable intervals; and (d) failing to maximize the Applicable Booking Amount by, among other things, failing to keep BrowserCam products and services current and failing to provide sufficient support for those products and services.

27. As a result of Gomez's breaches of the Agreement, BrowserCam has been damaged in an amount to be determined at trial but which exceeds the jurisdictional minimum of this Court.

## SECOND CLAIM FOR RELIEF

### (Declaratory Relief)

28. BrowserCam hereby incorporates by reference the allegations set forth in paragraphs 1 through 27, inclusive.

29. Through the Agreement, plaintiff BrowserCam and defendant Gomez entered into a valid, binding contract.

30. BrowserCam has performed all conditions and obligations to be performed on its part under the Agreement, except to the extent that said obligations and conditions were excused.

31. An actual, live, and justiciable controversy has arisen and now exists between plaintiff BrowserCam and defendant Gomez as to the meaning and application of the phrase "on account of sales by the Purchaser of products and services containing, or derived from, the Seller IP Rights (*'BrowserCam Products and Services'*)." Pursuant to 28 U.S.C. § 2201(a), Plaintiff BrowserCam is entitled to a declaration of the respective rights of the parties concerning the meaning and application of that phrase.

32. A declaratory judgment is necessary in that BrowserCam contends that Gomez's ExperienceFirst Platform contains or was, in part, derived from BrowserCam products and services; therefore, revenue bookings from the sale of Gomez's ExperienceFirst Platform must be included in the Applicable Bookings Amount. Gomez claims and contends to the contrary.

## PRAYER

WHEREFORE, plaintiff prays for judgment against defendants as follows:

1. Pursuant to the First Claim for Relief, for damages in excess of $75,000, according to proof.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

740972.01/SF

COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF

-7-

2. Pursuant to the Second Claim for Relief, for a declaration Gomez's ExperienceFirst Platform contains or is derived from the Seller IP Rights, within the meaning of Section 1.5(c) of the Agreement;

3. For attorney fees, according to proof;

4. For costs and expenses of suit herein incurred; and

5. For such other and further relief as the Court deems just and proper

Dated: June 13, 2008

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By: /s/ Stephen S. Walters
STEPHEN S. WALTERS
Attorneys for Plaintiff
BrowserCam, Inc.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(a) and (b) of the Federal Rules of Civil Procedure and to Rule 3-6(a) of the Civil Local Rules of the United States District Court for the Northern District of California, plaintiff Cardinal Health 200, Inc. demands a jury trial.

Dated: June 13, 2008

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By: /s/ Stephen S. Walters
STEPHEN S. WALTERS
Attorneys for Plaintiff
BrowserCam, Inc.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP
740972.01/SF
-8-
COMPLAINT FOR DAMAGES AND
DECLARATORY RELIEF