WILMER CUTLER PICKERING
HALE AND DORR LLP
Michael A. Mugmon (SBN: 251958)
michael.mugmon@wilmerhale.com
Jonathan A. Shapiro (admitted *pro hac vice*)
jonathan.shapiro@wilmerhale.com
1117 S. California Avenue
Palo Alto, CA 94304
Tel. (650) 858-6000
Fax. (650) 858-6100

Attorneys for Defendant
GOMEZ, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BROWSERCAM, INC.,<br><br>         Plaintiff,<br><br>    vs.<br><br>GOMEZ, INC.,<br><br>         Defendant. | Case No. C 08-2959-WHA<br><br>**GOMEZ, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS OR TRANSFER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS OR TRANSFER**<br><br>Date:  September 25, 2008<br>Time:  8:00 a.m.<br>Place:  Courtroom 9, 19th Floor<br><br>The Hon. William H. Alsup<br>United States District Judge |

**Table of Contents**

NOTICE OF MOTION AND MOTION TO DISMISS/TRANSFER ............................................ 1

STATEMENT OF RELIEF SOUGHT ................................................................................... 1

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OR TRANSFER ........ 1

STATEMENT OF ISSUES .................................................................................................... 3

ARGUMENT ......................................................................................................................... 4

   I.   The Forum-Selection Clause Requires that "All Disputes and Litigation" Be Resolved by a New York Court. ............................................................................. 4

      A.   Dismissal Is Required Under 28 U.S.C. § 1406(a) and Fed. R. Civ. P. 12(b)(3). ................................................................................ 4

      B.   Transfer Is Appropriate Under 28 U.S.C. § 1406(a) or 28 U.S.C. § 1404(a). ............................................................................................. 5

      C.   Plaintiff Must Now Meet a "Heavy Burden of Proof" to Overcome Its Forum-Selection Clause. ..................................................................... 7

   II.   The Court Lacks Subject Matter Jurisdiction Over, and Therefore Should Dismiss, Plaintiff's Unripe Claims .......................................................................... 8

CONCLUSION ...................................................................................................................... 9

**Table of Authorities**

Federal Cases

*Abbott Labs. v. Gardner*,
  387 U.S. 136; 87 S. Ct. 1507; 18 L. Ed. 2d 681 (1967)................................................................9

*Argueta v. Banco Mexicano, S.A.*,
  87 F.3d 320 (9th Cir. 1996)....................................................................................................4, 7

*Aspitz v. Witness Systems, Inc.*,
  2007 U.S. Dist. LEXIS 61429 (N.D. Cal. Aug. 10, 2007).............................................................7

*Butler v. FreeLife Int'l, LLC*,
  2004 U.S. Dist. LEXIS 29676 (C.D. Cal. June 16, 2004) ...........................................................5

*California v. United States*,
  2008 U.S. Dist. LEXIS 21258 (N.D. Cal. Mar. 18, 2008).............................................................8

*City of Arcadia v. EPA*,
  265 F. Supp. 2d 1142 (N.D. Cal. 2003) ......................................................................................8

*Envtl. Prot. Info. Ctr. v. Tuttle*,
  2001 U.S. Dist. LEXIS 1154, (N.D. Cal. Jan. 22, 2001) ..............................................................8

*Fireman's Fund Ins. Co. v. M.V. Dole Ecuador*,
  1995 U.S. Dist. LEXIS 7996 (N.D. Cal. June 1, 1995) ...............................................................6

*Indem. Ins. Co. of N. Am. v. Schneider Freight USA, Inc.*,
  2001 U.S. Dist. LEXIS 18918 (C.D. Cal. June 15, 2001) ...........................................................4

*Interline v. Zim Israel Navigation Co.*,
  2000 U.S. Dist. LEXIS 10867 (N.D. Cal. July 27, 2000)..........................................................5, 6

*In re: Cornerstone Propane Properties, L.P. Secs. Litig.*,
  355 F. Supp. 2d 1069 (N.D. Cal. 2005) ......................................................................................2

*Jones v. GMC Franchising, Inc.*,
  211 F.3d 495 (9th Cir. 2000).......................................................................................................6

*Laurel Village Bakery LLC v. Global Payments Direct Inc.*,
  2006 U.S. Dist. LEXIS 73663 (N.D. Cal. Sept. 25, 2006) ...................................................passim

*Manetti-Farrow, Inc. v. Gucci America, Inc.*,
  858 F.2d 509 (9th Cir. 1988).......................................................................................................5

*Ruhrgas AG v. Marathon Oil Co.*,
  526 U.S. 574; 119 S. Ct. 1563; 143 L. Ed. 2d 760 (1999)..........................................................8

*Storm v. Witt Biomedical Corp.*,
  1996 U.S. Dist. LEXIS 1493 (N.D. Cal. Jan. 23, 1996) ..........................................................6, 7

*Vogt-Nem, Inc. v. W. African Shipping Co.*,
 263 F. Supp. 2d 1226 (N.D. Cal. 2002) ........................................................................................ 6, 7

State Cases

*Cavanagh v. Cavanagh*,
 33 Mass. App. Ct. 240 (Mass. App. Ct. 1992) ................................................................................. 4

Federal Statutes

28 U.S.C. § 1404(a) ............................................................................................................... passim

28 U.S.C. §§ 1406 .................................................................................................................. passim

28 U.S.C. §1404(a) ................................................................................................................ passim

Fed. R. Civ. P. 12(b)(1) .......................................................................................................... passim

Fed. R. Civ. P. 12(b)(3) .......................................................................................................... passim

**NOTICE OF MOTION AND MOTION TO DISMISS/TRANSFER**

PLEASE TAKE NOTICE THAT on September 25, 2008, or as soon thereafter as the matter may be heard in the Courtroom of the Honorable William H. Alsup of the U.S. District Court of the Northern District of California, Gomez, Inc. ("Gomez") will, and hereby does, move to dismiss all counts of the complaint in the above-captioned case ("Complaint") pursuant to 28 U.S.C. § 1406(a), Fed. R. Civ. P. 12(b)(3), and Fed. R. Civ. P. 12(b)(1); or, in the alternative, to transfer this action to the United States District Court of the Southern District of New York pursuant to 28 U.S.C. § 1406(a) or 28 U.S.C. § 1404(a).

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum, the Declaration of Jonathan A. Shapiro, Esq., and such other authorities and argument as may be submitted in any reply at or before the hearing.

**STATEMENT OF RELIEF SOUGHT**

Gomez hereby requests that the Court dismiss this lawsuit for improper venue pursuant to 28 U.S.C. §§ 1406, 1404, and Fed. R. Civ. P. 12(b)(3), or in the alternative, to transfer the action to the U.S. District Court in the Southern District of New York, due to the governing forum selection clause, as well as dismiss this lawsuit under Fed. R. Civ. P. 12(b)(1) because the claims are unripe.

**WHEREFORE, Defendant Gomez asks that the Court:**

1. Dismiss all counts of the Complaint pursuant to 28 U.S.C. § 1406(a), Fed. R. Civ. P. 12(b)(3), and for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1); or

2. Transfer the action pursuant to 28 U.S.C. § 1406(a) or 28 U.S.C. §1404(a);

3. Enter final judgment in favor of Gomez and against BrowserCam, Inc. ("BrowserCam"); and

4. Grant such other additional relief as the Court deems just.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OR TRANSFER**

**OVERVIEW**

According to the Complaint, this lawsuit concerns a June 19, 2007 Asset Purchase Agreement ("Agreement") through which Plaintiff BrowserCam sold its internet services business to

Defendant, Gomez, Inc. *See* Compl. ¶ 1.[1] Plaintiff received a substantial amount of money for the business it sold, payable through a combination of *(i)* an upfront cash payment of $1.5 million that it received last year; *(ii)* a promissory note for $725,000; and *(iii)* an entitlement to a so-called "Earn-Out Payment" that in the *future* will require Gomez to make an additional payment to Plaintiff based on the actual performance of the business – although Gomez is not obligated to make any such payment until August 15, 2008 (and that payment deadline could be extended still further in the event of a dispute).[2] As one would expect in a contract for the purchase and sale of a sophisticated internet business, the Agreement addresses a wide variety of other matters with, inter alia, detailed terms and provisions regarding intellectual property rights, tax matters, disclosure schedules, indemnification, and choice-of-law and forum-selection provisions.

Plaintiff asserts two claims, both explicitly based on the Agreement under which Plaintiff has already received a multi-million dollar cash payment. In Count One (Breach of Contract), Plaintiff asserts that Gomez breached the "valid, binding" Agreement with respect to the Earn-Out Payment provision (i.e., the provision calling for the not-yet-due payment). *See, e.g.,* Compl. ¶ 24. Count Two (Declaratory Judgment) seeks a declaration as to the meaning of certain contractual language that Plaintiff contends will be relevant to the calculation of the Earn-Out Payment, that again, is not due until August 15, 2008. *See* Compl. ¶¶ 31-32.

Although the Complaint acknowledges (twice) that the Agreement is "a valid, binding contract," *see* Compl. ¶¶ 24, 29, Plaintiff has somehow failed to address the "valid, binding" terms set forth in Section 7.3, which is captioned "Governing Law; Jurisdiction." *See* Agreement § 7.3. In that provision, the Parties stipulated that any dispute relating to the Agreement will be resolved in

---

[1] The Court may consider the Agreement in deciding the instant motion because it is incorporated into the Complaint, and expressly referred to in at least 19 paragraphs. *See e.g.,* Compl. ¶ 14-18*; see also In re: Cornerstone Propane Properties, L.P. Secs. Litig.,* 355 F. Supp. 2d 1069, 1076 (N.D. Cal. 2005) ("[u]nder the incorporation by reference doctrine of the Ninth Circuit, this court is entitled to take documents on judicial notice which are referenced in but not attached to the complaint, as long as they are not subject to authenticity challenges").

[2] *See* Agreement § 1.5(c) ("on or before August 15, 2008 (subject to extension on account of the dispute resolution process referred to in Section 1.5(d)), the Purchaser shall pay cash by wire transfer of immediately payable funds. . . in an amount, if positive, equal to (i)(A) the Applicable Bookings Amount minus (B) $600,000; multiplied by 1.25 (the "***Earn-Out Payment***")).

- 2 -

Case No. C 08-2959-WHA    GOMEZ, INC.'S MOTION TO DISMISS OR TRANSFER;

Wilmer Cutler Pickering Hale and Dorr LLP
1117 California Avenue
Palo Alto, CA 94304

Wilmer Cutler Pickering Hale and Dorr LLP
1117 California Avenue
Palo Alto, CA 94304

accordance with Massachusetts law, and made equally plain that "***all*** disputes" are to be heard by a New York court:

> Each party hereby agrees to ***jurisdiction and venue in the courts of the City of New York or the federal courts sitting therein, for all disputes and litigation*** arising under or relating to this Agreement, and ***each party waives and agrees not to assert any defenses or claims relating to improper venue, forum non conveniens, or similar defenses or claims,*** relating to this Agreement.

Agreement § 7.3 (emphasis added).

This case should be dismissed because the Forum-Selection Clause above is explicit that the Plaintiff's contract claims – along with "all disputes" between the Parties – are to be resolved in New York. Indeed, the Parties went on to make the Forum-Selection Clause still more explicit by providing that each Party "waives and agrees not to assert" any argument against proceeding in New York City. *Id.* As a matter of law and sound policy, Ninth Circuit courts hold commercial actors to the forum-selection clauses they sign. For this reason, this case is subject to dismissal or, at the Court's option, transfer, to the U.S. District Court for the Southern District of New York under two federal statutes and one federal rule. *See* 28 U.S.C. §§ 1404(a); 1406(a); Fed. R. Civ. P. 12(b)(3).

Finally, dismissal is particularly appropriate here because the Plaintiff not only filed the Complaint in the wrong court, but did so prematurely on June 13, 2008. That is, Plaintiff cannot sue for a supposed breach of an "Earn-out Payment" that Defendant is not even required to pay until August 15, 2008. Thus, dismissal is also required for lack of subject matter jurisdiction, and more specifically, unripeness, pursuant to Fed. R. Civ. P. 12(b)(1).

## STATEMENT OF ISSUES

This motion presents two issues:

(1) Whether Plaintiff is bound to an unambiguous Forum-Selection Clause that requires "all disputes and litigation . . . relating to this Agreement" be resolved in New York, thus requiring dismissal or, in the alternative, transfer of the case to New York. *See* 28 U.S.C. § 1404(a); 28 U.S.C. § 1406(a); Fed. R. Civ. P. 12(b)(3);

(2) In the alternative, whether the Complaint should be dismissed for the additional reason that this Court lacks subject matter jurisdiction under Article III over a premature lawsuit that Plaintiff filed in June 2008 for breach of a contractual payment term that does

not require any payment by Defendant until August 15, 2008. *See* Fed. R. Civ. P. 12(b)(1).

## ARGUMENT

**I.  The Forum-Selection Clause Requires that "All Disputes and Litigation" Be Resolved by a New York Court.**

**A.  Dismissal Is Required Under 28 U.S.C. § 1406(a) and Fed. R. Civ. P. 12(b)(3).**

Ninth Circuit courts hold that a forum-selection clause is an appropriate ground to dismiss an action. *See Argueta v. Banco Mexicano, S.A.,* 87 F.3d 320, 324 (9th Cir. 1996) (affirming the district court's decision to dismiss the action based on the presence of a forum-selection clause); *see also Laurel Village Bakery LLC v. Global Payments Direct Inc.,* No. C06-01332 MJJ, 2006 U.S. Dist. LEXIS 73663, at *4 (N.D. Cal. Sept. 25, 2006) (stating that a "motion to enforce a forum selection clause is treated as a motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3)"). Motions based on 28 U.S.C. § 1406(a) and Fed. R. Civ. P. 12(b)(3) "are essentially interchangeable, except insofar as a Section 1406(a) motion gives the court the option to transfer in lieu of dismissal." *See* 17-111 Moore's Federal Practice – Civil § 111.04 (2008).

The law is clear that Plaintiff is bound by the Forum Selection Clause set forth in the "valid, binding contract" upon which Plaintiff has explicitly based this case, and that the Complaint should therefore be dismissed. *See Indem. Ins. Co. of N. Am. v. Schneider Freight USA, Inc.,* No. CV 00-08032 DDP (AIJx), 2001 U.S. Dist. LEXIS 18918, at *7 (C.D. Cal. June 15, 2001) (stating that forum-selection clauses are "presumptively valid"); *see also* Compl. ¶¶ 24, 29.[3] The precedent that so strongly requires respect for forum-selection clauses attaches with particularly great weight here, given the words the Parties chose to use. As noted, the Agreement states that "all disputes" should go to New York – and there is nothing ambiguous about the word "all." *See* Agreement § 7.3. And then, the Parties actually went a step further in the very next sentence by agreeing that they "waived"

---

[3] Even if Plaintiff did not acknowledge that the Agreement is "a valid, binding contract" (*see* Compl. ¶¶ 24, 29), the law is clear that fully-integrated business contracts are to be enforced according to their plain meaning. That is certainly the law in the Commonwealth of Massachusetts, which controls the dispute under the Parties' choice-of-law provision. *See, e.g., Cavanagh v. Cavanagh,* 33 Mass. App. Ct. 240, 242 (Mass. App. Ct. 1992) (affording contract terms their "plain meaning"); *see also* Agreement § 7.3 (stipulating that "[a]ny claim arising under or relating to this Agreement shall be governed by the internal substantive laws of the Commonwealth of Massachusetts without regard to principles of conflicts of laws").

and would never even argue that a non-New York court should resolve disputes under the Agreement. *See id.* ("each party waives and agrees not to assert any defenses or claims relating to improper venue, *forum non conveniens,* or similar defenses or claims, relating to this Agreement").

It is very difficult to understand why, after signing a contract in which Plaintiff "waived" the right to bring the case in California (or anywhere other than New York), this Plaintiff did precisely that by filing a Complaint in this District. Compare Agreement § 7.3 with Compl. ¶ 5. Plaintiff claims that "venue is proper in this judicial district" without mentioning anywhere in the Complaint that the very Agreement that Plaintiff is suing to enforce says that it should be doing so in New York. *See* Compl. ¶ 5.

As a matter of law, however, Plaintiff is bound by the Forum-Selection Clause designating New York as the forum for "all disputes…relating to this Agreement." *See* Agreement § 7.3. Indeed, to permit plaintiff to "change the bargain . . . would completely contradict the policy of enforcing forum selection clauses." *Manetti-Farrow, Inc. v. Gucci America, Inc.,* 858 F.2d 509, 515 (9th Cir. 1988); *see also Butler v. FreeLife Int'l, LLC,* CV 03-1358 RT (SGLx), 2004 U.S. Dist. LEXIS 29676, at *9 (C.D. Cal. June 16, 2004) (forum-selection clause "should be respected as the expressed intent of the parties" absent compelling reasons).

The Complaint accordingly should be dismissed pursuant to 28 U.S.C. § 1406(a) and Fed. R. Civ. P. 12(b)(3).

**B.      Transfer Is Appropriate Under 28 U.S.C. § 1406(a) or 28 U.S.C. § 1404(a).**

Although there is no question that dismissal is an appropriate remedy, the Court may also enforce the Forum-Selection Clause by transferring the case to the U.S. District Court for the Southern District of New York under 28 U.S.C. § 1406(a) or 28 U.S.C. § 1404(a). *See Laurel Village Bakery LLC,* 2006 U.S. Dist. LEXIS 73663, at *5 n.1. The analysis for transfer under both statutes (§ 1406(a) and § 1404(a)) is essentially the same as that just discussed above for dismissal.

Specifically, Ninth Circuit courts have repeatedly ruled that the presence of a Forum-Selection Clause is "***strong evidence*** in support of transfer." *Interline v. Zim Israel Navigation Co. Ltd.,* No. C 00-0939 SC, 2000 U.S. Dist. LEXIS 10867, at *11 (N.D. Cal. July 27, 2000) (emphasis added). Indeed, where, as here, the Parties have specifically negotiated and agreed to a particular

venue, the "presence of a forum selection clause is usually 'a ***significant factor that figures centrally in the court's calculus***'" (emphasis added). *Fireman's Fund Ins. Co. v. M.V. Dole Ecuador,* No. C-94-3691-CAL ARB, 1995 U.S. Dist. LEXIS 7996, at *2 (N.D. Cal. June 1, 1995) (citation omitted). This is because the courts are loath to undermine negotiated commercial contracts:

> Where a choice of forum is made in arm's length negotiations by experienced and sophisticated businessmen, "absent some compelling and countervailing reason, the ***forum selection clause should be honored by the parties and enforced by the courts.***"

*Vogt-Nem, Inc. v. W. African Shipping Co.,* 263 F. Supp. 2d 1226, 1234 (N.D. Cal. 2002) (emphasis added; citation omitted).

Thus, for the same reasons that the Court should dismiss under 28 U.S.C. § 1406(a) and Rule 12(b)(3), the Forum-Selection Clause should control the decision to transfer under § 1404(a) and § 1406(a). Indeed, because the Parties themselves agreed to a New York forum, the Court need not even consider the non-exhaustive laundry list of other transfer factors – analysis of "contacts," relative litigation expense and burden, governing law, etc. – that in other circumstances may be necessary to identify the most suitable forum. *See Interline,* 2000 U.S. Dist. LEXIS 10867, at *11-*12 (considering the presence of the forum-selection clause as sufficient reason to transfer under 28 U.S.C. § 1404(a)); *see also Storm v. Witt Biomedical Corp.,* No. C-95-3718 SI, 1996 U.S. Dist. LEXIS 1493, at *16 (N.D. Cal. Jan. 23, 1996) (case transferred to venue specified by forum-selection clause; "choice of venue that violates a forum selection clause is not entitled to the deference generally accorded to plaintiff's choice of forum").[4]

---

[4] In *Jones v. GMC Franchising, Inc.,* 211 F.3d 495, 498-99 (9th Cir. 2000), the Ninth Circuit listed factors that a court may consider in its analysis under 28 U.S.C. § 1404(a). Some of those factors – which focus on "contacts" to the forum – seem less relevant to internet services companies like the Parties here that traffic information by broadband. Similarly, another factor mentioned by the *Jones* court – the availability of compulsory process to compel attendance of non-party witnesses – is likewise not relevant to the instant motion because today that the non-party subpoena authority under Fed. R. Civ. P. 45 provides for nationwide service of process, regardless of where the case will be tried. *See* Fed. R. Civ. P. 45.

Case No. C 08-2959-WHA

- 6 -

GOMEZ, INC.'S MOTION TO DISMISS OR TRANSFER;

Wilmer Cutler Pickering Hale and Dorr LLP
1117 California Avenue
Palo Alto, CA 94304

### C. Plaintiff Must Now Meet a "Heavy Burden of Proof" to Overcome Its Forum-Selection Clause.

Because a forum-selection clause is "presumptively valid," Ninth Circuit courts will only disregard a stipulated forum in the rare case where plaintiffs can meet a "heavy burden of proof" to establish that it would somehow be "unreasonable" to bind them to their own contract. *Laurel Village Bakery LLC,* 2006 U.S. Dist. LEXIS 73663, at *5-*6; *see Aspitz v. Witness Systems, Inc.,* No. C 07-02068 RS, 2007 U.S. Dist. LEXIS 61429, at *10 (N.D. Cal. Aug. 10, 2007) ("modern law generally favors forum selection clauses, and [that] they will be enforced unless unreasonable under the circumstances"). Courts in this circuit have made plain that a forum-selection clause can be overcome as "unreasonable" only if: (1) the clause was the result of "fraud, undue influence, or overreaching;" (2) enforcing the clause "will deprive the opposing party of its day in court because of grave inconvenience or unfairness of the selected forum;" or (3) "public policy strongly favors resolution in the forum in which the suit is brought." *See Laurel Village Bakery LLC,* 2006 U.S. Dist. LEXIS 73663, at *6; *see also Argueta,* 87 F.3d at 325.

There is nothing in the Complaint that could, no matter how generously read, remotely support the notion that the Forum-Selection Clause was the product of a "fraud," meaning that Plaintiff cannot avoid the Forum-Selection Clause on that basis.[5] *See Laurel Village Bakery LLC,* 2006 U.S. Dist. LEXIS 73663, at *6. Nor would it be "gravely difficult" for Plaintiff to go to New York to litigate a dispute over an "Earn-Out Payment" that follows the sale of its internet services company. *See id.* Finally, it is hard to imagine that the litigation of a commercial contract case in New York would run afoul of any "strong public policy" in California. If anything, it seems clear from the Ninth Circuit precedent that California has a strong public policy that forum-selection clauses are to be respected and enforced. *See, e.g., Vogt-Nem,* 263 F. Supp. 2d at 1234; *Storm,* 1996 U.S. Dist. LEXIS 1493, at *16; *Aspitz,* 2007 U.S. Dist. LEXIS 61429, at *10. The economy is built

---

[5] Indeed, it is hard to imagine how Plaintiff could even claim it was defrauded into signing the Agreement because it filed a lawsuit that supposedly seeks to enforce the Agreement, not to unwind or rescind it (which of course would require Plaintiff to repay the more than $2 million it has already received). In other words, Plaintiff who bases a lawsuit on the need to respect and adhere to "a valid, binding" Agreement needs to adhere to the Forum-Selection Clause that says it should be a New York lawsuit.

on the notion that sophisticated business people will live up to the contracts they sign (in this case, in exchange for millions of dollars that have already been paid).

## II. The Court Lacks Subject Matter Jurisdiction Over, and Therefore Should Dismiss, Plaintiff's Unripe Claims.

Plaintiff not only filed this lawsuit in the obviously wrong forum, but also did so prematurely. It is clear on the face of the Complaint, filed on June 13, 2008, that Plaintiff is complaining about a supposed breach of a contract term to make a payment that is not due until August 15, 2008. *See* Agreement § 1.5(c), *supra* at p. 3. Moreover, the Agreement further provides that if the Parties disagree on the amount of the Earn-Out Payment that is due on August 15, 2008, the deadline for that payment will be extended so that the Parties can resolve the dispute through an Alternative Dispute Resolution ("ADR") process pursuant to § 1.5(d).[6]

Thus, this lawsuit must also be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) because it was not ripe when filed and is still not ripe today.[7] *See City of Arcadia v. EPA,* 265 F. Supp. 2d 1142, 1156 (N.D. Cal. 2003) ("[u]nripe claims are subject to dismissal for lack of subject matter jurisdiction"). Ripeness "implicates the Court's subject matter jurisdiction under the 'case or controversy clause' of Article III of the United States Constitution." *See Envtl. Prot. Info. Ctr. v. Tuttle,* No. C 00-0713 SC, 2001 U.S. Dist. LEXIS 1154, at *11 (N.D. Cal. Jan. 22, 2001) (citation omitted). A claim is not ripe "'if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *California v. United States,* No. C 05-00328 JSW, 2008 U.S. Dist. LEXIS 21258, at *7 (N.D. Cal. Mar. 18, 2008) (citation omitted).

The instant case presents this exact situation – Plaintiff's allegations "rest[] upon contingent future events that may not occur as anticipated." *Id.* More specifically, Plaintiff alleges that Gomez breached its obligations under the Earn-Out Payment provision (Agreement § 1.5(c)). Gomez, however, is not obligated to make that Payment until August 15, 2008 – and perhaps not even then,

---

[6] Pursuant to the ADR procedure provided by § 1.5(d), the Earn-Out Payment is "deemed final" unless Seller "take[s] exception to Buyer's calculation of [that payment]" by submitting a letter to the Purchaser within 30 calendar days of receipt of the Earn-Out Payment; after which the Parties "will use their respective commercially reasonable efforts to agree on the calculation of the Applicable Bookings Amount." *See* Agreement § 1.5(d). "[L]acking such agreement," however, the matter is then referred to a "reasonably agreeable independent accounting firm (the 'Accountant')" whose determination will be "final and binding" on the Parties *Id.*

[7] *See Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 578; 119 S. Ct. 1563; 143 L. Ed. 2d 760 (1999) ("Customarily a federal court first resolves doubts about its jurisdiction over the subject matter").

- 8 -

Case No. C 08-2959-WHA  GOMEZ, INC.'S MOTION TO DISMISS OR TRANSFER;

Wilmer Cutler Pickering Hale and Dorr LLP
1117 California Avenue
Palo Alto, CA 94304

given that that date is "subject to extension." Agreement § 1.5(d). Thus, it made no sense whatsoever for Plaintiff to have filed a lawsuit challenging the calculation of a payment literally *two months* before anyone knows how much that payment will be. *See* Compl. ¶ 26; *see also* Agreement § 1.5(c) ("on or before August 15, 2008 (subject to extension on account of the dispute resolution process referred to in Section 1.5(d)), the Purchaser shall pay cash by wire transfer. . . .").

Simply put, whether or not Plaintiff's claims will ever be ripe is a fact that cannot be known until August 15, 2008 or, if any dispute goes to ADR, at some later date in the future. Plaintiff filed this suit well before that date, however – over two months earlier, in the wrong forum, and before the issues in this case were "fit[] . . . for judicial decision. *Abbott Labs. v. Gardner,* 387 U.S. 136, 149; 87 S. Ct. 1507; 18 L. Ed. 2d 681 (1967). Moreover, no "hardship" will inure to Plaintiff if the Court "withhold[s] [ ] consideration" now; Plaintiff can simply refile the action at a later date if the basis for this lawsuit ever becomes warranted (hopefully in the correct forum).[8]

## CONCLUSION

The Complaint must be dismissed pursuant to 28 U.S.C. § 1406(a) and Rule 12(b)(3) for improper venue due to the Forum-Selection Clause in the Agreement and pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction based on the ripeness doctrine. In the alternative, the Court also has the option to transfer the action to the U.S. District Court for the Southern District of New York pursuant to 28 U.S.C. § 1406(a) or 28 U.S.C. § 1404(a).

---

[8] *See Abbott Labs.,* 387 U.S. at 149 (stating that a court must consider "both the fitness of the issues for judicial decision and the hardship of the parties of withholding court consideration" to determine ripeness).

Respectfully submitted,

DATED: July 22, 2008

WILMER CUTLER PICKERING
 HALE AND DORR LLP


      /S/
_____
Jonathan A. Shapiro
1117 S. California Avenue
Palo Alto, CA 94304
Tel. (650) 858-6000
Fax. (650) 858-6100
jonathan.shapiro@wilmerhale.com


Attorney for Defendant GOMEZ, INC.

- 10 -

Case No. C-08-2959-WHA
USIDOCS 6757080v3

GOMEZ, INC.'S MOTION TO DISMISS OR TRANSFER;

WILMER CUTLER PICKERING
 HALE AND DORR LLP
Michael A. Mugmon (SBN: 251958)
michael.mugmon@wilmerhale.com
Jonathan A. Shapiro (admitted *pro hac vice*)
jonathan.shapiro@wilmerhale.com
1117 S. California Avenue
Palo Alto, CA 94304
Tel. (650) 858-6000
Fax. (650) 858-6100

Attorneys for Defendant
GOMEZ, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BROWSERCAM, INC., <br><br> Plaintiff, <br><br> vs. <br><br> GOMEZ, INC., <br><br> Defendant. | Case No. C 08-2959-WHA <br><br> **[PROPOSED] ORDER GRANTING GOMEZ, INC.'S MOTION TO DISMISS OR TRANSFER** <br><br> Date: September 25, 2008 <br> Time: 8:00 a.m. <br> Place: Courtroom 9, 19th Floor <br><br> The Hon. William H. Alsup <br> United States District Court Judge |

[PROPOSED] ORDER GRANTING GOMEZ, INC.'S
MOTION TO DISMISS OR TRANSFER

Case No. C 08-2959-WHA

1

**[PROPOSED] ORDER**

2

The Court hereby GRANTS defendant Gomez, Inc.'s ("Gomez") motion to dismiss all

3

counts of the complaint ("Complaint") in the above-captioned proceeding pursuant to 28 U.S.C. §

4

1406(a) and Rule 12(b)(3) for improper venue and pursuant to Rule 12(b)(1) for lack of subject

5

matter jurisdiction; or, in the alternative, the Court hereby GRANTS Gomez's motion to transfer

6

all counts of the Complaint pursuant to 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a).

7

8

9  IT IS SO ORDERED.

10

11  Dated:_____, 2008

12

13                                                          _____
                                                            William H. Alsup
14                                                          United States District Court Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 1 -

[PROPOSED] ORDER GRANTING GOMEZ, INC.'S
MOTION TO DISMISS OR TRANSFER

Case No. C 08-2959-WHA