IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BROWSERCAM INC,

    Plaintiff,

v.

GOMEZ, INC,

    Defendant.

No. C 08-02959 WHA

**ORDER DENYING MOTION TO DISMISS OR TRANSFER**

### INTRODUCTION

Defendant moves to dismiss or transfer this action on the ground that the forum-selection clause in its purchase agreement with plaintiff should be enforced. Because this order finds that the clause is permissive, not mandatory, and defendant fails to show a transfer of venue is warranted, defendant's motion is **DENIED**. Defendant also moves to dismiss this action for lack of subject-matter jurisdiction. The subject-matter jurisdiction requirements are satisfied here, and, therefore, defendant's motion is **DENIED**.

### STATEMENT

Plaintiff BrowserCam and defendant Gomez, Inc., signed a purchase agreement on June 19, 2007. Plaintiff sold substantially all of its assets to defendant. In consideration, plaintiff received $1.5 million, a promissory note in the amount of $725,000, and an earn-out payment which was to be paid on or before August 15, 2008. Whether defendant performed its obligations under the earn-out payment provision is the central issue in the action.

Plaintiff filed suit for breach of contract and declaratory relief on June 13. Plaintiff alleges that defendant breached the purchase agreement because it failed to perform its obligations under the earn-out payment provision. Plaintiff also seeks a declaration as to the meaning and application of a contractual term.

Defendant contends the action should be dismissed or transferred because the purchase agreement contains an enforceable forum-selection clause. Defendant also contends that the action is not ripe because it was filed before the earn-out payment was due.

## ANALYSIS

### 1.  RULE 12(b)(3).

A motion to dismiss on the basis of a forum-selection clause is governed by Rule 12(b)(3). "Federal law governs the validity of a forum selection clause." *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996). "A contractual forum selection clause is prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *Docksider, LTD. V. Sea Technology, LTD.*, 875 F.2d 762, 763 (9th Cir. 1989). Enforcement can also be challenged by showing the clause is a permissive forum-selection clause, not a mandatory one. A clause that specifies a venue with mandatory language will be enforced. "When only jurisdiction is specified the clause will generally not be enforced without some further language indicating the parties' intent to make the jurisdiction exclusive." *Id.* at 764. "To be mandatory, a clause must contain language that clearly designates a forum as the exclusive one." *Northern California District Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1037 (9th Cir. 1995).

Here, the sole issue under Rule 12(b)(3) is whether the forum-selection clause is mandatory or permissive. The clause stated in its entirety (Shapiro Decl. Exh. 1 at 20):

> Governing Law; Jurisdiction. Any claim arising under or relating to this Agreement shall be governed by the internal substantive laws of the Commonwealth of Massachusetts without regard to principles of conflict of laws. Each party hereby agrees to jurisdiction and venue in the courts of the City of New York or the federal courts sitting therein, for all disputes and litigation arising under or relating to this Agreement, and each party waives and agrees not to assert any defenses or claims relating to improper venue, *forum non conveniens*, or similar defenses or claims, relating to this Agreement.

2

This is a permissive forum-selection clause, not a mandatory one. Although the clause stated that the parties "agree[ ] to jurisdiction and venue in the courts of the City of New York or federal courts sitting therein, for all disputes and litigation arising under this Agreement," the clause contained no language that expressly designated New York as the exclusive venue. If defendant had sued first in New York, clearly the clause would have compelled plaintiff to submit to a New York venue. But nothing in the clause barred plaintiff from suing first elsewhere. The clause is analogous to the clause in *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 76 (9th Cir. 1987):

> [T]he Buyer and Seller expressly agree that the laws of the State of California shall govern the validity, construction, interpretation and effect of this contract. The courts of California, County of Orange, shall have jurisdiction over the parties in any action at law relating to the subject matter or the interpretation of this contract.

*Hunt Wesson* held that the clause was permissive, not mandatory, because it did not "confer exclusive and mandatory jurisdiction on the Orange County Superior Court." *Id.* at 78. The court reasoned that:

> [the] plain meaning of the language is that Orange County courts shall have jurisdiction over this action. The language says nothing about the Orange County Courts having exclusive jurisdiction. Thus, [defendant] cannot object to litigation in the Orange County court on the ground that the court lacks personal jurisdiction. Such consent to jurisdiction, however, does not mean that the same subject matter cannot be litigated in any other court.

*Id*. at 77.

The same reasoning applies here. The key passage contained no language that the courts of New York would have exclusive jurisdiction. The clause plainly means that "all disputes" *could* be litigated in a New York court, not that they *must* be. The waiver of the right "to assert any defenses or claims relating to improper venue" plainly applied only if a case was brought in a New York court. The parties did not waive the right to sue in other venues.

The clause is readily distinguishable from the clause in *Docksider*:

> This agreement shall be deemed to be a contract made under the laws of the State of Virginia, United States of America, and for all purposes shall be interpreted in its entirety in accordance with the laws of said State. Licensee hereby agrees and consents to the jurisdiction of the courts of the State of Virginia. Venue of any

>   action brought hereunder shall be deemed to be in Gloucester,
>   County.

875 F.2d at 763. The court found that the critical language in the clause was "[v]enue of any action brought hereunder shall be deemed to be in Gloucester County, Virginia." The court reasoned that the forum-selection clause required enforcement "because Docksider not only consented to the jurisdiction of the state courts of Virginia, but further agreed by mandatory language that the venue for all actions arising out of the license agreement would be Gloucester County, Virginia. This mandatory language makes clear that venue, the place of suit, lies exclusively in the designated county." *Id*. at 764. The clause, here, contained no such language. The parties merely consented to the jurisdiction of New York courts.

The closest decisions cited by defendant are *Vogt-Nem, Inc. v. West African Shipping Co.*, 263 F.Supp.2d 1226 (N.D. Cal. 2002), and *Pong v. American Capital Holdings, Inc.*, 2007 U.S. Dist. LEXIS 18727 (E.D. Cal. 2007). In *Pong* the clause stated:

>   This note shall be construed, governed and enforced in accordance
>   with the laws of the State of Florida with venue being agreed to as
>   Palm Beach County, Florida.

*Id.* at 4–5. *Pong* held that the language was mandatory not permissive. The court reasoned that the words "shall be construed" and "venue being agreed to" "clearly indicate that the clauses exclude plaintiff from suing outside of Palm Beach County." *Id.* at 10–11.

The clause here is distinguishable. In our clause, each party "agrees to jurisdiction and venue" in New York courts. There was no operative word "shall" in the same sentence that would designate New York as the exclusive venue. Defendant might have argued that the word "shall" in the first sentence of the governing law and jurisdiction clause was the operative word which made the critical phrase in the next sentence, "agrees to jurisdiction and venue," exclusive. That argument was not made. No authority appears to support the proposition that the power of the word "shall" would carry over from one sentence to the next. And, that application of New York law was agreed to be mandatory does not mean that the parties also agreed to New York as the exclusive forum.

4

In *Vogt-Nem* the forum-selection clause stated:

> This agreement and any disputes arising out of this will be governed by Dutch Law. Any disputes . . . will be settled first amicably, but in case of disagreement it will be submitted to the competent court in Rotterdam.

263 F.Supp.2d at 1229. *Vogt-Nem* held that the clause was mandatory. The court reasoned that this clause was analogous to the clause in *Docksider* ("Venue of any action brought hereunder shall be deemed to be in Gloucester County, Virginia."). The court rejected the plaintiff's argument that the clause was permissive because it did not contain the "requisite terms of mandate such as 'shall,' 'must,' and 'only.'" The court found that the word "will" was just as mandatory as the word "shall." *Id.* at 1231.

Here, the key passage is distinguishable. Although defendant argues that a forum-selection clause may be mandatory absent operative words such as "shall," "must," or "only," defendant fails to acknowledge that *Vogt-Nem* still required *some* word denoting exclusivity. In that case it was the word "will." Here, there was no such word.

All other cases cited by defendant concerned the enforceability of mandatory forum-selection clauses, not permissive ones, and are therefore inapposite.

Defendant's motion to dismiss under Rule 12(b)(3) is **DENIED**.

### 2. SECTION 1406(a).

Defendant moves to dismiss this action or transfer it to United States District Court for the Southern District of New York under 28 U.S.C. 1406(a). The section states:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Defendant contends that the action is in the wrong district because the forum-selection clause mandates New York courts as the proper venue. A forum-selection clause analysis under Section 1406(a) is identical to a forum-selection clause analysis under Rule 12(b)(3). *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 497 (9th Cir. 2000). For the same reasons stated above, defendant's motion to dismiss or transfer under Section 1406(a) is **DENIED**.

5

**3.     SECTION 1404(a).**

Defendant moves to transfer this action to United States District Court for the Southern District of New York under 28 U.S.C. 1404(a). That section states:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

It is undisputed that the action could have been brought in the Southern District of New York. The sole issue here is whether transfer of the action is convenient for the parties and witnesses. A motion to transfer venue under Section 1404(a) "requires the Court to weigh multiple factors in its determination whether transfer is appropriate in a particular case." *Jones*, 211 F.3d at 498. Those factors include:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. Additionally, the presence of a forum-selection clause is a significant factor in the court's Section 1404(a) analysis . . . [A]lso[,] the relevant public policy of the forum state, if any, is at least as significant a factor in the Section 1404(a) balancing.

*Id.* at 498–499. Defendant primarily hangs its motion on the forum-selection clause. Defendant relies on *Unisys Corp. v. Access Co., Ltd.*, 2005 U.S. Dist. LEXIS 31897 (N.D. Cal. 2005). In *Unisys* the forum-selection clause stated:

> The validity and interpretation of this Agreement shall be governed by Pennsylvania law without regard to conflict of laws principles. The parties further consent to jurisdiction of the state and federal courts sitting in the Commonwealth of Pennsylvania.

*Id.* at 11. The court held that the forum-selection clause was "clearly permissive." The court further found that:

> while courts normally defer to a plaintiff's choice of forum, such deference is inappropriate where the plaintiff has already freely contractually chosen an appropriate venue. Thus, the plaintiffs bear the burden of demonstrating why they should not be bound by their contractual choice of freedom.

6

*Id.* at 13. The court reasoned that a forum-selection clause is determinative of the convenience to the parties and is entitled to substantial consideration. *Id.* at 14. Defendant argues that under *Unisys* the forum-selection clause at issue here should be sufficient ground for granting its Section 1404(a) motion because the clause is entitled to "substantial consideration" even though it is a permissive forum-selection clause (Reply Br. 4).

There are three main problems with defendant's argument. *First*, the forum-selection clause in *Unisys* was only one of eight factors the court considered in deciding to transfer venue. The plaintiffs also failed to demonstrate that there was a local interest in the forum, that it would be more practical to litigate in the chosen forum, or that a transfer would be judicially inefficient. *Id.* at 16. Plaintiffs, here, amply show there is a local interest in the immediate forum, and defendant has not presented any evidence or argument to show that litigating in the chosen forum would be impractical or judicially inefficient. *Second*, *Unisys* stated that the existence of a forum-selection clause should get substantial weight in a Section 1404(a) analysis, *but* it is "not dispositive." Defendant, here, has failed to make a showing beyond the existence of the forum-selection clause that transfer of venue is warranted. *Third*, the district court decision cited by defendant relies on out-of-circuit cases. Defendant does not cite binding authority to support its claim that the burden shifts from defendant to plaintiff in a Section 1404(a) motion when defendant offers a forum-selection clause in support of its motion. Indeed, *Jones* suggests the defendant still bears the burden. 211 F.3d at 499. In *Jones*, the court held that even though the forum-selection clause at issue there was mandatory, the defendant still "failed to meet its burden" of showing that transfer of venue was appropriate. *Ibid*. None of the other decisions defendant relies on addressed the issue of whether a permissive forum-selection clause is sufficient ground for granting a transfer of venue motion.

Defendant at first denied in its brief that it was necessary to consider any other factors besides the forum-selection clause: "the Court need not even consider the non-exhaustive laundry list of other transfer factors" (Br. 6). In its reply brief, defendant backpedaled and obliquely argued that transfer is warranted because New York is a "level playing field" (Reply Br. 6). Defendant also argued that the "precious few facts" that BrowserCam and a witness were

7

located in California do not weigh against transfer (id. at 5). Defendant has not carried its burden.

Defendant's motion to transfer venue is **DENIED**.

### 4. RULE 12(b)(1).

Defendant contends that the Court does not have subject-matter jurisdiction because the issues presented by plaintiff's claims are not ripe, and therefore moves to dismiss the action. A motion to dismiss for lack of subject-matter is brought under Rule 12(b)(1).

Federal jurisdiction is limited by Article III to actual cases and controversies. The ripeness doctrine is "drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." *National Park Hospitality Association v. DOI*, 538 U.S. 803, 808 (U.S. 2003). Under the doctrine of ripeness, "a federal court normally ought not resolve issues involving contingent future events that may not occur as anticipated, or indeed may not occur at all. In the absence of an immediate and certain injury to a party, a dispute has not matured sufficiently to warrant judicial intervention." *Clinton v. Acequia, Inc.*, 94 F.3d 568, 572 (9th Cir. 1996).

This action concerns a purchase agreement. Plaintiff sold defendant substantially all of its assets. As part of the consideration for the deal, defendant agreed to pay plaintiff an earn-out payment. The purchase agreement stated how the payment would be calculated (Shapiro Decl. Exh. 1 at 7):

> On or before August 15, 2008, the Purchaser shall pay cash by wire transfer of immediately available funds in an amount, if positive, equal to the Applicable Bookings Amount minus $600,000 multiplied by 1.25 (the "Earn-Out Payment"). For purposes of this Agreement, "Applicable Bookings Amount" means the amount of subscription revenue booked by Purchaser in accordance with Seller's existing automated online sign-up procedure and/or Purchaser's accounting practices . . . for the period from and including July 1, 2007 to and including June 30, 2008 (the "Applicable Period") and on account of sales by the Purchaser of products and services containing, or derived from the Seller IP Rights ("BrowserCam Products and Services").

Defendant further agreed:

> [To] not make any material reductions in the list price of the BrowserCam Products and Services without Seller's consent, and to expend not less than $250,000 in the aggregate on marketing the

8

> BrowserCam Products and Services and providing infrastructure (including human resources), marketing and sales support for the BrowserCam Products and Services.
>
> [To] prepare and deliver to Seller within thirty days after Closing a sales and marketing plan for BrowserCam Products and Services during the Applicable Period.
>
> [To] provide a monthly summary of the Seller's online Management and reporting system single screen shot at reasonable intervals during the Applicable Period.
>
> [To] use commercially reasonable efforts to achieve the maximum Applicable Bookings Amount on Seller's behalf; provided that Seller acknowledges that Purchaser makes no guarantee whatsoever as to any Applicable Bookings Amount and that, except as specifically provided above, will have complete discretion to market and sell the BrowserCam Products and Services as it sees fit.

Plaintiff makes two claims for relief, one for breach of contract and the other for declaratory relief.

### A. Ripeness of Plaintiff's Claim for Declaratory Relief.

Pursuant to 28 U.S.C. 2201(a), plaintiff seeks declaratory relief as to the meaning and application of the phrase "on account of sales by the Purchaser of products and services containing, or derived from, the Seller IP Rights." Section 2201 provides that:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

"The requirement that a case or controversy exist under [Section 2201] is identical to Article III's constitutional case or controversy requirement. If a case is not ripe for review, then there is no case or controversy, and the court lacks subject-matter jurisdiction." *Principal Life Insurance Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005). "[T]he appropriate standard for determining ripeness of private party contract disputes is the traditional ripeness standard, namely, whether there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* at 671.

1    Plaintiff's claim for declaratory relief meets this standard. Plaintiff and defendant clearly
2 have adverse legal interests because they dispute the meaning of the phrase. The controversy is
3 substantial and immediate because determination of the meaning of the phrase will effect the
4 consideration plaintiff bargained for when it sold its business. And, payment of the earn-out
5 payment was to take place on August 15, 2008, the determination of which depends, in part, on
6 the meaning of the disputed phrase. Plaintiff's claim for declaratory relief is ripe.

7    Further, the issues of judicial administration, comity and fairness weigh in favor of the
8 Court exercising its jurisdiction. Moreover, resolving the meaning of the disputed phrase will
9 clarify the amount, if any, of damages.

### B. Ripeness of Plaintiff's Claim for Breach of Contract

11    Plaintiff alleges that defendant breached the purchase agreement because it failed to
12 expend at least $250,000 on marketing, to provide a sales and marketing plan, to provide
13 monthly summaries at reasonable intervals, and to keep BrowserCam products and services
14 current and supported. Defendant was required to perform these contractual obligations by
15 June 30, 2008. Plaintiff alleges that defendant did not perform these obligations by June 30
16 (Opp. 16–17). Such alleged breaches are not "contingent future events that may not occur as
17 anticipated." *Clinton,* 94 F.3d at 572. They have occurred. Plaintiff also alleges an "immediate
18 and certain injury" because defendant's alleged failure to perform its contractual obligations
19 directly affects plaintiff's expectancy. Plaintiff's claim for breach of contract is ripe. The fact
20 that plaintiff filed its complaint on June 13 does not change the analysis. Plaintiff asserted in its
21 opposition brief that defendant had not performed by June 30. Defendant did not deny this
22 assertion in its reply.

23    Defendant contends that the claim is not ripe because the earn-out payment was not due
24 until August 15. This argument ignores the essence of plaintiff's claim, that defendant did not
25 perform obligations under the contract that were due by June 30. Defendant also contends, for
26 the first time in its reply brief, that plaintiff's claim is not ripe because plaintiff did not utilize the
27 alternative dispute resolution procedure called for in the contract. This issue will be considered

only if defendant makes a motion to stay based on the ADR provision, but the case and discovery will go forward in the meantime.

All decisions defendant relies on concerned actions against administrative agencies and do not state the proper standard for a case involving only a private contract. *Principal Life*, 394 F.3d at 670.

Defendant's motion to dismiss for lack of subject-matter jurisdiction is **DENIED**.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss under Rule 12(b)(3) is **DENIED**. Defendant's motion to dismiss or transfer under 28 U.S.C. Section 1406(a) is **DENIED**. Defendant's motion to transfer under 28 U.S.C. Section 1404(a) is **DENIED**. Defendant's motion to dismiss for lack of subject-matter under is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 26, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE