UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROWSERCAM, INC., | No. C-08-2959 WHA (EMC) |
| Plaintiff, | |
| v. | **ORDER RE PARTIES' LETTERS OF JANUARY 16, 2009** |
| GOMEZ, INC., | **(Docket Nos. 62, 63)** |
| Defendant. | |

    The parties in the above-referenced case have filed letters, dated January 16, 2009, outlining two discovery disputes regarding Gomez's production of documents. The first dispute concerns the production of electronic materials. The second dispute concerns the scope of discovery -- *i.e.*, whether Gomez is obligated to produce documents related to the ExperienceFirst Platform. Having reviewed the parties' letters and accompanying submissions, the Court hereby orders as follows.

    For both disputes the parties shall conduct a further meet and confer. With respect to the first dispute, the parties are advised that issues about the disclosure or discovery of electronic materials should have been discussed as part of their Rule 26(f) conference. *See* Fed. R. Civ. P. 26(f)(3) (providing that a discovery plan must address "any issues about disclosure or discovery or electronically stored information"). If such a discussion was not held, it should be promptly held now. The parties are also advised that whether or not the use of search terms is appropriate depends in part on the number of documents that are at issue. *See, e.g.*, *In re CV Therapeutics, Inc., Sec. Litig.*, No. C 03-03709 SI, 2006 U.S. Dist. LEXIS 38909, at *31 (N.D. Cal. Apr. 4, 2006) ("Plaintiffs assert that the use of search terms is improper, although plaintiffs do not state what method they think defendants should have used to conduct the massive document review in this

case. The Court concludes that the use of search terms is an appropriate tool for electronic discovery, particularly in a case of this scope."). Gomez is forewarned that the scope of discovery will be liberally construed consistent with Rule 26. If Gomez asserts an undue burden, it must make a specific showing.

As to the second dispute, the parties should discuss whether BrowserCam is entitled to, at least at this juncture, limited discovery to explore what the ExperienceFirst Platform is and determine whether Gomez's contention that the ExperienceFirst Platform is not a product or service and does not generate revenue is accurate. In short, the parties should be prepared to discuss staged discovery, minimizing disputes at least as to the first stage.

If the parties' meet and confer does not resolve the discovery disputes, then the parties shall file a joint letter, providing their respective arguments and specifying the last offer of compromise presented by each party. The joint letter shall be no longer than four (4) single-spaced pages (with only necessary exhibits attached) and shall be filed no later than January 30, 2009. At that point, the Court shall determine whether a hearing is necessary.

IT IS SO ORDERED.

Dated: January 22, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge