United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BROWSERCAM, INC., a California corporation,

Plaintiff,

v.

GOMEZ, INC., a Delaware corporation,

Defendant.

No. C 08-02959 WHA

**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**

**INTRODUCTION**

This action arose when plaintiff BrowserCam, Inc., filed a complaint against defendant Gomez, Inc., seeking damages and declaratory relief for Gomez's alleged breach of contract. The contract governed the sale of BrowserCam's internet services business to Gomez and included an arbitration clause that dictated how the parties would resolve any dispute regarding the calculation of the amount of consideration that Gomez agreed to pay. Defendant moved to compel arbitration according to the terms of the contract and stay the court proceedings pending arbitration. For the reasons stated below, defendant's motion is **GRANTED**.

**STATEMENT**

On a subscription basis, BrowserCam provided a service that helped website owners identify and isolate compatibility issues. Gomez purchased BrowserCam's services unit as well as substantially all of its assets (Compl. ¶¶ 7–9). The consideration that Gomez agreed to

pay BrowserCam was governed by a contract which provided that Gomez would pay BrowserCam a cash amount equal to $1,500,000, a non-interest bearing promissory note in the principal amount of $725,000, and an "Earn-Out Payment."

The latter, earn-out payment, is the subject of the instant dispute. The earn-out payment was defined as the "Applicable Bookings Amount minus $600,000 multiplied by 1.25" (Scheppmann Exh. A at 7–8). The applicable bookings amount was defined as the amount of subscription revenue on sales of products and services containing or derive from BrowserCam's intellectual property rights.

According to BrowserCam's complaint, Gomez allegedly breached its contractual obligations by failing to market and support the products and services acquired from BrowserCam, failing to provide an accounting of revenue derived from those products and services, and failing to use reasonably commercial efforts to achieve the "maximum amount of bookings" for BrowserCam's benefit (Compl. ¶ 1). BrowserCam seeks damages and declaratory relief.

Stating that the contract called for the parties to seek resolution of disputes surrounding the earn-out payment through arbitration (Br. 2), Gomez now moves to compel arbitration and to stay the proceedings pending arbitration.

**ANALYSIS**

Defendant's motion to compel arbitration is governed by the Federal Arbitration Act. A district court's role under the FAA is limited to determining (i) whether a valid agreement to arbitrate exists and, if it does, (ii) whether the agreement encompasses the dispute at issue. If the district court determines that a valid arbitration agreement encompasses the dispute, then the FAA requires the court to enforce the arbitration agreement according to its terms. *Lifescan, Inc. v. Premier Diabetic Services, Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004).

In this case, plaintiff does not challenge the existence of a valid agreement to arbitrate, although it does insist that the scope of the arbitration agreement should not be expanded. This order, therefore, finds a valid agreement to arbitrate.

1    Turning to the scope of the agreement, the relevant portion of the agreement regarding
2  arbitration states that

> The Accountant shall act as experts and not as arbiters to
> calculate, based solely on the written submission of the Purchaser,
> on the one hand, and Seller, on the other, and not based upon any
> independent investigation, the Applicable Bookings Amount.
> Furthermore, the Accountant shall be instructed and agree to
> establish a process and timeline for resolution of the disputed
> items set forth in the dispute letter so that the Accountant's
> determination of the Applicable Bookings Amount is delivered to
> the parties within 30 days of such referral. The Accountant's
> determination will be the conclusive Applicable Bookings
> Amount and final and binding on Purchaser and Seller Parties for
> all purposes under this Agreement.

(Scheppmann Exh. A at 8). According to Gomez's interpretation of the agreement, when there is a dispute as to the calculation of the earn-out payment, the arbitration clause calls for an arbitrator to determine the applicable bookings amount, which necessarily requires the arbitrator to make a determination regarding which of Gomez's services derive from or contain BrowserCam's IP rights. BrowserCam's interpretation, on the other hand, is that an arbitrator is only allowed to perform a mathematical calculation of the amount of revenue generated from products or services derived from their IP rights and that a court must make a determination of what those products and services are. This order agrees with Gomez's interpretation.

When there is a dispute that requires arbitration under the agreement, each party must determine which services Gomez offers that are derived from or contain BrowserCam's IP rights and submit its findings of the services and revenue generated from such services to the arbitrator. The arbitrator then establishes a process for resolving disputed items, whether they be disputes as to the amount of revenue Gomez's services generated, or whether there are more or less services that derive from or contain BrowserCam's IP rights that should have been included or excluded in the calculation of revenue. BrowserCam's contention that the scope of what is arbitrable is limited to mathematical calculations of the applicable bookings amount is unreasonable because in order for an arbitrator to calculate the revenue generated from Gomez's services, the arbitrator would have to determine the scope of BrowserCam's IP rights (Scheppmann Exh. A at 7–8). BrowserCam's argument that this Court, and not an arbitrator, should make the determinations regarding which of Gomez's services derive from or contain

3

BrowserCam's IP rights is unpersuasive. The contract states that the applicable bookings amount will be determined based upon the written submissions of each party to the arbitrator. BrowserCam's final argument in opposition to the motion to compel arbitration is that because there are other alleged contractual breaches that are not linked to the earn-out payment and arbitration clause, the motion to compel should not be granted. The order granting a motion to compel arbitration, however, is not as to all breaches under the contract but only as to those disputes surrounding the earn-out payment and applicable bookings amount.

This order, therefore, finds that the arbitration clause is broad enough to encompass an agreement by the parties to allow an arbitrator to determine what the earn-out payment and applicable bookings amount are, based upon the written submissions of each party, and grants defendant's motion to compel arbitration.

Status reports to this Court on the progress of the arbitration will be required, however, every twelve weeks, starting twelve weeks from the date hereof. If the arbitration concludes between status reports, the parties must jointly notify the Court within seven calendar days. In addition, the parties must meet the following deadlines. **WITHIN THIRTY DAYS OF THE DATE HEREOF**, the parties must select an arbitrator and notify the Court that the arbitrator is on board. The parties must complete arbitration by **TUESDAY OCTOBER 27, 2009**.

\*             \*             \*

"In any suit . . . referable to arbitration," the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had." 9 U.S.C. 3. A motion to stay, therefore, is mandatory and must be granted as to all matters within the scope of the arbitration agreement. It is, however, within a district court's discretion whether to stay, for "[c]onsiderations of economy and efficiency," an entire action, including issues not arbitrable, pending arbitration. *United States ex rel. Newton v. Neumann Caribbean Int'l., Ltd.*, 750 F.2d 1422, 1427 (9th Cir. 1985).

BrowserCam advances two arguments explaining why defendant's motion to stay the proceedings pending arbitration should be denied. *First*, BrowserCam contends that Gomez breached contractual obligations not linked to the earn-out payment by failing to market and

4

support the acquired technology, failing to provide BrowserCam with a sales and marketing plan, and failing to provide monthly sales performance summaries causing BrowserCam damages. BrowserCam's argument is that because those contractual breaches are not linked to the earn-out payment, which is all that may be resolved through arbitration, the motion to stay proceedings should be denied. *Second*, BrowserCam argues that declaratory relief as to the phrase "on account of sales by the Purchaser of products and services containing, or derived from" BrowserCam's IP rights is necessary before any arbitration can occur, so the motion to stay proceedings should be denied (Compl. ¶ 31).

BrowserCam's arguments are unpersuasive. Any failure by Gomez to provide BrowserCam with information surrounding its sales, marketing plans, or performance summaries causing BrowserCam damages depends on which of Gomez's services contain or derived from BrowserCam's IP rights. BrowserCam has requested declaratory relief as to this issue, however, the arbitrator, and not the court, will make that determination. Furthermore, any damages that may have resulted from those distinct alleged breaches of contract not linked to the earn-out payment may be affected by the findings of the arbitrator. Defendant's motion to stay proceedings pending arbitration, therefore, is **GRANTED**.

## CONCLUSION

For the reasons stated, the motions to compel arbitration and stay proceedings pending arbitration are **GRANTED**. Both parties shall provide status reports and comply with the arbitration schedule as described above. Any remaining issues after the arbitration shall be litigated and adjudicated here in the district court. A further case management conference shall be held on **SEPTEMBER 24, 2009, AT 11:00 A.M.**

**IT IS SO ORDERED.**

Dated: January 27, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5